In re Joseph F. SMITH PATENT LITIGATION.

No. 232.

Judicial Panel on Multidistrict Litigation.

Feb. 13, 1976.

Patent holder filed motion to transfer all actions to Middle District of North Carolina for coordinated or consolidated pretrial proceedings. The Judicial Panel on Multidistrict Litigation held that where patent holder instituted six patent infringement actions against six separate defendants in three different districts in same state, and actions involved common questions of fact, transfer for coordinated or consolidated pretrial proceedings was ordered to Middle District of North Carolina where patent holder resided, where a substantial amount of relevant discovery would occur and where more actions were pending than in any other district, notwithstanding individual defenses of laches asserted by defendants in all actions, since there was factual overlap with respect to laches discovery in all actions.

Order accordingly.

1. Courts ⚖=277.2

Where patent holder instituted six patent infringement actions against six separate defendants in three different districts in same state, and actions involved common questions of fact, transfer for coordinated or consolidated pretrial proceedings was ordered to Middle District of North Carolina where patent holder resided, where a substantial amount of relevant discovery would occur and where more actions were pending than in any other district, notwithstanding individual defenses of laches asserted by defendants in all actions, since there was factual overlap with respect to laches discovery in all actions. 28 U.S.C.A. § 1407.

2. Courts ⚖=277.2

Even assuming that laches discovery were unique in each of six patent infringement actions against six separate defendants filed in three districts in same state, court would order transfer for coordinated or consolidated pretrial proceedings, since actions all shared common questions of fact with respect to validity of patent and, in the circumstances, that was sufficient to justify transfer. 28 U.S.C.A. § 1407.

OPINION AND ORDER

Before JOHN MINOR WISDOM, Chairman, and EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, STANLEY A. WEIGEL, and ANDREW A. CAFFREY, Judges of the Panel.

PER CURIAM.

Joseph F. Smith operates a machine shop in Greensboro, North Carolina, and is the holder of United States Patent No. 3,180,074, which relates to a high-speed, false twist spindle apparatus. Such a spindle is apparently useless until included as part of a textile yarn processing machine, typically referred to as a false twist machine. In practice, these machines are utilized to convert synthetic yarn, such as nylon, into a form desired by knitters or weavers.

Between July 30 and August 1, 1975, Smith instituted six patent infringement actions against six separate defendants in three different districts: three in the Middle District of North Carolina, two in the Western District of North Carolina and one in the Eastern District of North Carolina.[1] The defendants in these actions are either yarn processors who utilize false twist machinery or suppliers

---

1. Defendants in the actions pending in the Middle District of North Carolina are, respectively, ARCT, Inc., Burlington Industries, Inc. and Macfield Texturing, Inc.; defendants in the actions pending in the Western District of North Carolina are, respectively, American Barmag Corporation and Scragg North America, Inc.; and the defendant in the action pending in the Eastern District of North Carolina is Akzona, Inc.

sell such machinery. None of the defendants manufactures false twist machinery or the spindles used thereon.

This matter is before the Panel on Smith's motion to transfer all actions to the Middle District of North Carolina for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Burlington and Macfield favor transfer on certain conditions while Akzona and American Barmag oppose the motion.[2] American Barmag alternatively proposes either the Western or Eastern District of North Carolina as the transferee court in the event the Panel determines that Section 1407 proceedings are appropriate for these actions.

[1] We find that these actions involve common questions of fact and that their transfer to the Middle District of North Carolina will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

American Barmag and Akzona argue that transfer at this stage of the proceedings is inappropriate because of the presence of local issues in each action, which predominate over the few common issues. These local issues, they maintain, arise from the individual defense of laches asserted by defendants in all actions. Since laches is a personal defense depending in each instance upon the development of facts peculiar to each defendant's relationship with plaintiff, respondents suggest, discovery concerning that defense will be different as to each defendant and, accordingly, summary resolution of the laches defense at the outset of the various actions could be dispositive of the entire litigation.

Burlington and Macfield agree that the laches defense is predominant at this time but they nonetheless believe that transfer is appropriate provided that the Panel's order of transfer specifically directs the transferee judge not to suspend discovery concerning this issue pending completion of discovery regarding other issues, such as patent validity.

In our view, discovery concerning the laches defense in each action will not, as respondents suggest, be distinct as to each defendant. This is so, we believe, because the relevant laches discovery will not be directed towards the individual acts of defendants with respect to the Smith patent but to whether or not Smith unreasonably delayed asserting his rights to the detriment of the defendants. Cf. *Baker Manufacturing Co. v. Whitewater Manufacturing Co.*, 430 F.2d 1008 (7th Cir. 1970). Accordingly, there appears to be a substantial area of factual overlap with respect to the laches discovery in all actions.

[2] Even assuming, however, that the laches discovery was unique in each action, we would nonetheless order transfer in this litigation. These actions all share common questions of fact with respect to the validity of the Smith patent and, in the circumstances here present, that would be sufficient to justify transfer. See *In re Panty Hose Seaming Patent Litigation*, 402 F.Supp. 1401 (Jud. Pan.Mult.Lit.1975); *In re Triax Co. Patent Litigation*, 385 F.Supp. 590 (Jud.Pan. Mult.Lit.1974). Moreover, on account of the similarity of the alleged infringing devices, it is not all clear that discovery on the infringement issues will be different in each action. The transferee judge can, in any event, develop a pretrial program that would insure that the needs of the respective parties for any unique discovery or individual judicial attention can be accommodated concurrently with the common pretrial matters. See *In re Westinghouse Electric Corp. Uranium Contracts Litigation*, 405 F.Supp. 316, 319 (Jud.Pan.Mult.Lit., filed December 19, 1975).[3]

---

2. American Barmag, in a late filed brief, appears to have modified somewhat its position in opposition to transfer. It did not, however, specifically state its support for Section 1407 proceedings and, accordingly, for purposes of this opinion, it will be considered as opposing the motion.

3. We cannot, as respondents Burlington and Macfield suggest, specifically direct the transferee judge's conduct of the pretrial proceedings. As we recently observed, "the Panel is not empowered to dictate in any way the manner in which the coordinated or consolidated pretrial proceedings are to be conducted by

Because of the proximity of the proposed transferee courts, selection of any one of them would not seriously prejudice any party. On balance, we believe that the Middle District of North Carolina is preferable. Since Smith resides in that district, a substantial amount of the relevant discovery will occur there. Further, there are more actions pending in that district than in any other.

It is therefore ordered that the actions listed on the following Schedule A and pending in districts other than the Middle District of North Carolina be, and the same hereby are, transferred to the Middle District of North Carolina and, with the consent of that court, assigned to the Honorable Hiram H. Ward for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 with the actions pending in that district and listed on Schedule A.

### SCHEDULE A

DOCKET NO. 232

**Eastern District of North Carolina**

| | |
|---|---|
| Joseph F. Smith v. Akzona, Inc. | Civil Action No. 75-0026-CIV-8 |

**Western District of North Carolina**

| | |
|---|---|
| Joseph F. Smith v. American Barmag Corp. | Civil Action No. C-C-75-238 |
| Joseph F. Smith v. Scragg North America, Inc. | Civil Action No. C-C-75-239 |

**Middle District of North Carolina**

| | |
|---|---|
| Joseph F. Smith v. ARCT, Inc. | Civil Action No. C-75-316-G |
| Joseph F. Smith v. Burlington Industries, Inc. | Civil Action No. C-75-315-G |
| Joseph F. Smith v. Macfield Texturing, Inc. | Civil Action No. C-75-317-G |



---

In re U. S. NAVY VARIABLE REENLISTMENT BONUS LITIGATION.

No. 224

Judicial Panel on Multidistrict Litigation.

Feb. 10, 1976.

Plaintiff in three actions alleging breaches of contracts by reason of failure of Navy to pay reenlistment bonuses moved to transfer all actions to the Southern District of California, in which four actions were pending, for coordinated or consolidated pretrial proceedings. Defendants and plaintiffs in 17 actions opposed the motion. The Judicial Panel on Multidistrict Litigation held that transfer to a single forum would neither serve the convenience of the parties and their witnesses nor promote the just and efficient conduct of the litigation where appeals were pending in two circuits which could have a substantial if not dispositive effect on all the actions pending in districts within those circuits, and questions of law rather than common questions of fact were significantly preponderant.

Motion denied.

1. Courts ⟺277.2

Transfer of multidistrict actions, for breach of contract by Navy in failure to pay reenlistment bonuses to plaintiffs, to the Southern District of California in which four actions were pending, would not serve the convenience of the parties and their witnesses or promote the just and efficient conduct of the litigation where appeals were pending before Court of Appeal in two circuits and disposition of those appeals could have a substantial if not dispositive effect on all the actions pending in districts within those circuits, and where questions of law rather than common questions of fact were significantly preponderant. 23 U.S.C.A. § 1407

---

the transferee judge. The scope of the coordinated or consolidated pretrial proceedings and the extent to which discovery is permitted are matters exclusively within the control of the transferee judge." *In re Molinaro Catanzaro Patent Litigation*, 402 F.Supp. 1404 (Jud.Pan. Mult.Lit.1975).